

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 25, 1969

Honorable Ed Keys
County Attorney
Ward County
Monahans, Texas

Opinion No. M-520

Re: Construction of Article
6228g, Vernon's Civil
Statutes, relating to
Texas County and District
Retirement System.

Dear Mr. Keys:

Your request for an opinion asks the following question:

"Does subparagraph 2(a), Sec. 3, Art.
6228g, T.R.C.S., permit those employees who
do not desire to enter into the Retirement
Plan to refrain from so doing by giving
written notice to the Commissioners Court?"

The retirement system for officers and employees of the
several counties and other political subdivisions created by the
provisions of Article 6228g, Vernon's Civil Statutes, was autho-
rized by the provisions of Subdivision (c) of Section 62 of
Article XVI of the Constitution of Texas. Pursuant to such sub-
division /(c) of Section 62 7, the Legislature established a
system of retirement, disability and death benefits for all of
the officers and employees of the several counties and other
political subdivisions of the State and of the various political
subdivisions of the several counties of the State known as the
"Texas County and District Retirement System."

Subdivision 2 of Section 3 of Article 6228g, provides
in part:

"2. Participation of Employees.

"The membership of the System shall be com-
posed as follows:

"(a) All persons who are employees of a
participating subdivision on the effective date
of its participation in the System shall become
members of the System as of that date; provided,

-2481-

however, that this provision shall not apply to any person, except by his consent, who on the effective date of participation has a basis of employment with the subdivision which would be violated by the requirement that he become a member; but each such person, being notified that the governing body has determined that the subdivision shall participate in the System, shall be deemed to have consented and elected to become a member of the System, unless prior to the date fixed for participation he shall file with the governing body, written notice of his election not to become a member. Any person so electing not to become a member, may at any time thereafter during his employment by the subdivision and before he becomes fifty-eight years of age elect to become a member of the System as of the first day of the calendar month following filing by him with the Board and with the governing body, of notice of his wish to become a member, but in such event he shall enter the System without credit or claim of credit for prior service or other service, and shall for purposes of this Act be considered as a person entering the employment of the subdivision for the first time on the date he becomes a member of the System." (Emphasis added.)

Subdivision 2 of Section 3 above quoted prescribes the membership of the system and specifically provides that all persons who are employees of the participating subdivision (in this case Ward County) shall become members of the system on the effective date of the subdivision's participation in the system. There is only one proviso or exception, and the exception applies only to an employee who on the effective date of participation has a basis of employment with the subdivision which would be violated by the requirement that he become a member. Such person may waive his contractual right not to become a member of the system. In other words, the proviso was included for the purpose, in our opinion, to prevent the question arising as to whether the provisions of Article 6228g abridged an obligation of contract by excepting from its provisions those employees who have a contractual right with the county which might be violated. This constitutional question was removed. It is our opinion that the proviso applies only to persons (if any exist) who have a basis of employment with the subdivision which would be violated by the requirement that he become a member. All other employees automatically become members of the system and have no right to refrain from becoming members.

Hon. Ed Keys, page 3 (M-520)

## S U M M A R Y

Under subparagraph 2(a), Section 3, Article 6228g, V.C.S., all persons who are employees of a participating subdivision on the effective date of its participation in the Texas County and District Retirement System automatically become members of the system on the effective date the subdivision elects to participate in the system and cannot refrain from doing so, except in those instances in which the employee has a basis of employment with the subdivision which would be violated by the requirement that he become a member.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Fisher Tyler
Gordon Cass
Bill Allen
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant